IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **JOCELYN MINOR,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **7:24-cv-1035-ACA** |
| ] | |
| **SUN LIFE ASSURANCE COMPANY** ] | |
| **OF CANADA, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

Plaintiff Jocelyn Minor sued Defendants Sun Life Assurance Company of Canada and Stacey Miller-Ballard for discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and various state law claims. (Doc. 8). Defendants move to dismiss all of Ms. Minor's claims against them. (Docs. 18, 20).

The court **WILL GRANT IN PART**, **WILL DENY IN PART**, and **WILL FIND AS MOOT IN PART** Sun Life's motion. (Doc. 20). The court **WILL DENY** Sun Life's motion to dismiss the ADA claim on the ground Ms. Minor lacks Article III standing. But the court **WILL GRANT** Sun Life's motion to dismiss the ADA claim on the ground that Sun Life is not a "covered entity" and **WILL DISMISS** that claim **WITH PREJUDICE**. Because the court resolves the only claim over which it has original jurisdiction, the court **WILL DECLINE** to exercise

supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3) and **WILL REMAND** those claims to the Circuit Court of Tuscaloosa County, Alabama. Accordingly, the court **WILL FIND AS MOOT** Sun Life's motion to dismiss the state law claims against it (doc. 20 at 7–10, 12–14), and Ms. Miller-Ballard's motion to dismiss Ms. Minor's state law claims (doc. 18).

I.  BACKGROUND

In considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). Sun Life and Ms. Minor ask the court to consider extrinsic evidence in its Rule 12(b)(6) analysis. (*See* doc. 20 at 5; doc. 26 at 11–12). But in ruling on a Rule 12(b)(6) motion to dismiss, the court is generally limited to the pleadings. *See* Fed. R. Civ. P. 12(d). Although the court may consider evidence outside the pleadings if the evidence is of undisputed authenticity and central to the claims made in the pleading, *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024), the declarations from employees of Sun Life and Lear Corporation (*see* doc. 20 at 5) (citing doc. 10-2 at 2; doc. 20-1), and Lear Corporation's position statement in response to Ms. Minor's EEOC charge (doc. 26 at 11–12) (citing doc. 26-1), are not central to Ms. Minor's ADA claim. Therefore, the court is limited to Ms. Minor's allegations in resolving

2

Sun Life's Rule 12(b)(6) challenge to the ADA claim. *See Johnson*, 107 F.4th at 1300.

In ruling on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court may "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Accordingly, because Sun Life moves to dismiss under both Rule 12(b)(6) and Rule 12(b)(1), the court will separate the facts into: (1) those alleged by Ms. Minor, which the court relies on to resolve Sun Life's Rule 12(b)(6) challenge to the ADA claim; and (2) extrinsic evidence presented by the parties that relates to Ms. Minor's Article III standing, which, together with Ms. Minor's alleged facts, the court will rely on to resolve Sun Life's Rule 12(b)(1) challenge to the ADA claim.

    a.    <u>Facts Alleged by Ms. Minor</u>

In October 2023, Lear Corporation hired Ms. Minor as a human resources specialist. (Doc. 8 ¶ 8). Sun Life provides Lear Corporation employees with access to short-term disability benefits that employees can claim if they suffer from "brief illnesses." (*Id.* ¶¶ 6, 9). Sun Life also approves disability and Family and Medical Leave Act requests on behalf of Lear Corporation. (*Id.* ¶ 12).

Ms. Minor suffers from Crohn's disease and began experiencing severe symptoms related to that disease in February 2024. (*Id.* ¶¶ 15, 19). She "decided to seek a medical leave of absence" and "requested income replacement benefits under

3

the short-term disability policy . . . insured by Sun Life." (Doc. 8 ¶¶ 20–21). Although Sun Life had at first approved Ms. Minor's requests for leave and short term disability, an employee at Lear Corporation "urged [Sun Life] to deny the [requests]," so Sun Life denied them "despite [Ms. Minor's] eligibility." (*Id.* ¶¶ 7, 23–25, 33–34). Lear Corporation then terminated Ms. Minor "because she was allegedly on leave when she should not have been." (*Id.* ¶ 35).

        b.    Extrinsic Evidence

Both parties present extrinsic evidence that is relevant to Sun Life's jurisdictional challenge to Ms. Minor's ADA claim. *See Lawrence*, 919 F.2d at 1529. Sun Life includes: (1) a declaration from a case specialist employed by Sun Life, stating that Ms. Minor submitted a claim to Sun Life only requesting short-term disability benefits, not disability-related leave (doc. 20-1 at 3 ¶¶ 8–9); and (2) a copy of the short-term disability claim Ms. Minor submitted to Sun Life on February 13, 2024, which does not include requests for leave or an accommodation (*id.* at 29–32).

Ms. Minor attaches Lear Corporation's position statement in response to Ms. Minor's charge with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 26-1). In the position statement, Lear Corporation explains that Ms. Minor "sought to take a leave of absence through Sun[ ]Life on or about February 13, 2024" and "was initially granted two (2) weeks of leave pending approval of additional leave documentation." (Doc. 26-1 at 2). But Ms. Minor's

4

"leave remained pending because of insufficient medical documentation," and Sun Life "required additional information in order to . . . approve the leave." (*Id.*). Nonetheless, Ms. Minor "was afforded all the leave that Sun[ ]Life approved without additional documentation." (*Id.* at 5).

## II.   DISCUSSION

Below, the court will address Sun Life's Rule 12(b)(1) challenge to Ms. Minor's ADA claim, followed by Sun Life's Rule 12(b)(6) challenge to the ADA claim, and Defendants' motions to dismiss Ms. Minor's state law claims.

### a.   Sun Life's Rule 12(b)(1) Challenge to the ADA Claim

A defendant challenging the court's subject matter jurisdiction over a case may seek dismissal "by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Regl Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A facial attack accepts as true the facts alleged in the complaint, requiring the court to determine only whether those facts sufficiently allege a basis for subject matter jurisdiction. *Id.* at 1232–33. "By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* at 1233. In this case, Sun Life makes a factual attack. (*See* doc. 20 at 6) (inviting the court to consider extrinsic evidence in making the jurisdictional determination).

5

"If a jurisdictional challenge . . . implicate[s] the merits of the underlying claim[,] then[ t]he proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (alteration accepted). In that situation, "the district court should apply a Rule 56 summary judgment standard." *Lawrence*, 919 F.2d at 1530. Here, Sun Life argues that Ms. Minor lacks Article III standing—particularly, injury in fact—to pursue her ADA claim because "the undisputed evidence . . . shows no [request for reasonable accommodation] was made to Sun Life (much less denied)." (Doc. 20 at 6); *see also Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1229 (11th Cir. 2021) ("The standing doctrine stems directly from Article III's 'case or controversy' requirement and implicates [the court's] subject matter jurisdiction.") (quotation marks omitted); *Berrocal v. Att'y Gen. of United States*, 136 F.4th 1043, 1049 (11th Cir. 2025) (To show standing, a plaintiff must establish injury in fact, traceability, and redressability.).

The court disagrees with how Sun Life labels its jurisdictional challenge. Sun Life does not contend that Ms. Minor was never injured but instead argues that she was never injured by Sun Life. (*See* doc. 20 at 6). Because Sun Life attacks the link between any injury suffered by Ms. Minor and misconduct by Sun Life (*id.*), Sun Life appears to challenge traceability, *see Berrocal*, 136 F4th at 1049 (The

traceability requirement of standing is satisfied if the plaintiff demonstrates that her injury was "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.") (quotation marks omitted).

Now, the court must determine whether the jurisdictional challenge implicates an element of Ms. Minor's ADA claim. A discrimination claim under the ADA requires a plaintiff to prove "(1) that [s]he suffers from a disability, (2) that [s]he is a qualified individual, and (3) that a covered entity discriminated against h[er] on account of [her] disability." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quotation marks omitted). The jurisdictional attack—whether Sun Life denied Ms. Minor a reasonable accommodation—does appear to be intertwined with the third element of an ADA discrimination claim—whether a covered entity discriminated against the claimant, resulting in her termination. *See Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 754 (11th Cir. 2023) ("[F]ailure-to-accommodate plaintiffs must show (1) their employer unlawfully discriminated against them, or, failed to reasonably accommodate their disability and (2) this failure led to an adverse employment decision.") (quoting *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1263 n.17 (11th Cir. 2007)) (quotation marks omitted; alteration accepted).

Because the jurisdictional challenge and merits are intertwined, the court will assume jurisdiction exists, construe the jurisdictional challenge as a challenge to the merits, and will apply the Rule 56 standard to that issue. *See Morrison*, 323 F.3d at 925; *Lawrence*, 919 F.2d at 1530. Under the summary judgment standard, the court must determine whether, viewing the evidence in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]here is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Looney v. Moore*, 886 F.3d 1058, 1062 (11th Cir. 2018) (quotation marks omitted).

Accepting the evidence in the light most favorable to Ms. Minor, a dispute of material fact exists as to whether Ms. Minor submitted a request for leave to Sun Life, which it ultimately denied. Although Sun Life presents evidence that it never received a request for leave from Ms. Minor (*see* doc. 20-1 at 3 ¶¶ 8–9; *id.* 29–32), Ms. Minor presents evidence that she did make a request for leave through Sun Life (*see* doc. 26-1 at 2, 5), and that Sun Life denied that request (*see id.* at 7) ("Sun Life denied her request for leave on or about April 3, 2024."). Accordingly, the court **WILL DENY** Sun Life's Rule 12(b)(1) motion to dismiss Ms. Minor's ADA claim and will proceed with Sun Life's 12(b)(6) motion.

Case 7:24-cv-01035-ACA   Document 39   Filed 06/02/25   Page 9 of 13

      b.      Sun Life's Rule 12(b)(6) Challenge to the ADA Claim

Sun Life also argues that Ms. Minor fails to state an ADA claim under Rule 12(b)(6) because it is not a "covered entity" as defined by the ADA. (Doc. 20 at 4–6). "To state a discrimination claim under the ADA, a plaintiff must allege sufficient facts to plausibly suggest (1) that [s]he suffers from a disability, (2) that [s]he is a qualified individual, and (3) that a covered entity discriminated against h[er] on account of [her] disability." *Surtain*, 789 F.3d at 1246 (quotation marks omitted). The ADA defines a "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). And it further defines an "employer" as "a person engaged in an industry affecting commerce who has [fifteen] or more employees for each working day in each of [twenty] or more calendar weeks in the current or preceding calendar year, and any agent of such person." *Id.* § 12111(5)(A).

Ms. Minor alleges that Sun Life is a "third-party administrator" and "agent of Lear Corporation" that violated the ADA by refusing her the reasonable accommodation of leave to address her Crohn's disease, which resulted in her termination. (Doc. 8 ¶¶ 12, 37–45). Although Ms. Minor alleges that "Lear [Corporation] employees are not decision-makers concerning eligibility for accommodations under the [ADA]," she also states that after Sun Life told Ms. Minor her requests for leave and short-term disability were approved, a

9

Lear Corporation employee "urged" Sun Life to deny the requests, so it did. (*Id.* ¶ 14).

Ms. Minor argues that the relevant analysis turns on whether Sun Life and Ms. Minor had an "employment relationship," and because Sun Life exercised discretion over approval of employees' disability benefits, Sun Life qualifies as her employer. (Doc. 26 at 9–12) (citing *Lange v. Houston Cnty.*, 101 F.4th 793, 800 (11th Cir. 2024). The Eleventh Circuit has never decided whether a third-party administrator of disability benefits may constitute a "covered entity" or "employer" for purposes of ADA discrimination claims. The court will turn, then, to circuit precedent on the issue in the Title VII context for guidance. *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) ("The definition of 'employer' in the [ADA] is like the definitions in Title VII of the 1994 Civil Rights Act.").

"[I]n order to decide whether an entity is a qualified employer, [the court must] ask[] . . . who (or which entity) is in control of the fundamental aspects of the employment relationship that gave rise to the claim." *Peppers v. Cobb Cnty.*, 835 F.3d 1289, 1297 (11th Cir. 2016). The factors to consider include "(1) how much control the alleged employer exerted on the employee, and (2) whether the alleged employer had the power to hire, fire, or modify the terms and conditions of the employee's employment." *Id.* In *Peppers*, the Eleventh Circuit found that although the named defendant "possessed the power to approve the manner and amount of

compensation for employees that was set by [the plaintiff's employer]," the named defendant was not an "employer" under Title VII because it lacked the authority to supervise, hire, or fire [the plaintiff]." *Id.* at 1297, 1301.

Viewing the facts in a light most favorable to Ms. Minor, Sun Life was not Ms. Minor's "employer" under the ADA. She does not allege that Sun Life played any role in her recruitment or hiring, the creation of her job title, the establishment of her job responsibilities and pay, the regulation of her work environment, or her supervision. (*See* doc. 8 ¶¶ 3–35). Ms. Minor's allegations only establish that Sun Life had the authority to approve or deny certain benefits as a third-party administrator, which is insufficient by itself to transform Sun Life into an "employer" liable for ADA discrimination. (*Id.* ¶ 12); *see Peppers*, 835 F.3d at 1297.

This conclusion is underscored by Ms. Minor's specific allegations that a Lear Corporation employee "urged" Sun Life to change its approvals of Ms. Minor's requests for leave and short-term disability payments to denials. (*See* doc. 8 ¶¶ 23–25, 33–34). To the extent these specific allegations conflict with Ms. Minor's conclusory allegations that Sun Life is an "agent of Lear Corporation" and that "Lear [Corporation] employees are not decision-makers concerning eligibility for accommodations under the [ADA]" (*id.* ¶¶ 6, 14), the specific allegations control, *see Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)

11

("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.").

Accordingly, the court **WILL GRANT** Sun Life's Rule 12(b)(6) motion to dismiss Ms. Minor's ADA claim against it and **WILL DISMISS** that claim **WITH PREJUDICE**.

      c.    State Law Claims

Because the court resolves the only claim over which it has original jurisdiction, the court **WILL DECLINE** to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3) and **WILL REMAND** those claims to the Circuit Court of Tuscaloosa County, Alabama. Accordingly, the court **WILL FIND AS MOOT** Sun Life's motion to dismiss the state law claims against it (doc. 20 at 7–10, 12–14), as well as Ms. Miller-Ballard's motion to dismiss Ms. Minor's state law claims against her (doc. 18).

## IV.   CONCLUSION

The court **WILL GRANT IN PART, WILL DENY IN PART,** and **WILL FIND AS MOOT IN PART** Sun Life's motion. (Doc. 20). The court **WILL DENY** Sun Life's motion to dismiss the ADA claim on the ground Ms. Minor lacks Article III standing. But the court **WILL GRANT** Sun Life's motion to dismiss the ADA claim on the ground that Sun Life is not a "covered entity" and **WILL DISMISS** that claim **WITH PREJUDICE**. Because the court resolves the only claim over

which it has original jurisdiction, the court **WILL DECLINE** to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3) and **WILL REMAND** those claims to the Circuit Court of Tuscaloosa County, Alabama. Accordingly, the court **WILL FIND AS MOOT** Sun Life's motion to dismiss the state law claims against it (doc. 20 at 7–10, 12–14), and Ms. Miller-Ballard's motion to dismiss Ms. Minor's state law claims (doc. 18).

    **DONE** and **ORDERED** this June 2, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE